UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

199 DELAWARE AVENUE, INC.,

*Plaintiff,*

v.

LAKE EFFECT ARTISAN ICE CREAM, and

LAKE EFFECT ICE CREAM HERTEL, LLC, and

LAKE EFFECT ICE CREAM, LLC, and

LAKE EFFECT ICE CREAM WHOLESALE, LLC, and,

LAKE EFFECT CANAL STREET, LLC,

*Defendants.*
_____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Civil Action No. 19-cv-00224

Plaintiff 199 DELAWARE AVENUE, INC., ("Plaintiff"), by and through its attorneys, KLOSS, STENGER & LOTEMPIO, as and for its Complaint against Defendants, LAKE EFFECT ARTISAN ICE CREAM, LAKE EFFECT ICE CREAM HERTEL, LLC, LAKE EFFECT ICE CREAM, LLC, LAKE EFFECT ICE CREAM WHOLESALE, LLC, and LAKE EFFECT CANAL STREET, LLC (collectively hereinafter "Defendant" or "Defendants"), alleges upon information and belief:

## PARTIES

1. Plaintiff is a domestic corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 3165 Main St., Buffalo, NY, 14214. Plaintiff filed a fictitious name certificate on December 24, 2002 with the Erie County Clerk's office to conduct business under the fictitious name "LAKE EFFECT DINER." Thereafter, Plaintiff has done business under that name continuously.

2.    Upon information and belief, Defendant LAKE EFFECT ARTISAN ICE CREAM is an unregistered business that transacts business under the fictitious name of "LAKE EFFECT ARTISAN ICE CREAM." Upon information and belief, Defendant resides and transacts business within the State and District, with its principal offices located within Niagara County.

3.    Upon information and belief, Defendant LAKE EFFECT ICE CREAM HERTEL, LLC is a domestic limited liability company of the State of New York, and transacts business under the fictitious name of "LAKE EFFECT ARTISAN ICE CREAM." Defendant resides and transacts business within the State and District, with its principal office located within Niagara County.

4.    Upon information and belief, Defendant LAKE EFFECT ICE CREAM, LLC is a domestic limited liability company of the State of New York, and transacts business under the fictitious name of "LAKE EFFECT ARTISAN ICE CREAM." Defendant resides and transacts business within the State and District, with its principal office located within Niagara County.

5.    Upon information and belief, Defendant LAKE EFFECT ICE CREAM WHOLESALE, LLC is a domestic limited liability company of the State of New York, and transacts business under the fictitious name of "LAKE EFFECT ARTISAN ICE CREAM." Defendant resides and transacts business within the State and District, with its principal office located within Niagara County.

6.    Upon information and belief, Defendant LAKE EFFECT CANAL STREET, LLC is a domestic limited liability company of the State of New York, and transacts business under the fictitious name of "LAKE EFFECT ARTISAN ICE CREAM." Defendant resides and transacts business within the State and District, with its principal office located within Niagara County.

7.    Upon information and belief, Defendants LAKE EFFECT ARTISAN ICE CREAM, LAKE EFFECT ICE CREAM HERTEL, LLC, LAKE EFFECT ICE CREAM, LLC, LAKE

EFFECT ICE CREAM WHOLESALE, LLC, and LAKE EFFECT CANAL STREET, LLC share the same or substantially the same owners, members, directors, officers and engage in the same or related enterprises. Accordingly, these defendants are alter egos that exercise dominion and control over each other, and are therefore collectively referred to as "Defendants."

## JURISDICTION

8.   This is an action for, *inter alia*, Trademark Infringement under 15 U.S.C. § 1114, Unfair Competition (False Designation Of Origin, False Advertising) in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); as well as New York Unfair Competition, Trademark Dilution under 15 U.S.C. § 1125, Deceptive Business Practices, Use of Business Name With Intent To Deceive, New York Trademark Dilution, and common law trademark infringement.

9.   This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

10.   All New York state law claims alleged herein arise under the same nucleus of operative facts as the federal causes of action, and are therefore part of the same case or controversy as the federal causes of action. Accordingly, the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

11.   Defendants all reside and transact business within this District and Defendant's wrongful acts were committed in this District. Among other things, Defendants have advertised its services using infringing marks on Defendants' website, Facebook, and business in this State and District, as well as elsewhere online. Thus, this Court has personal jurisdiction over Defendants.

## VENUE

12.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 as both the Plaintiff and the Defendants may be found and transact business in this District, and a substantial part of the

events giving rise to the claims alleged herein occurred and are continuing to occur in this District.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

13.  Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

14.  Plaintiff's "LAKE EFFECT DINER" is one of the last authentic Fifties era dining car-style diners left in America.

15.  With 25 flavors of old-fashioned milkshakes, ice cream, vegan ice cream, ice cream cakes, and a hearty menu of home favorites, the LAKE EFFECT DINER has become a popular destination for locals and for travelers to the Western New York area.

16.  Plaintiff's owner and proprietor has been making milkshakes and selling ice cream at this location, which also houses the LAKE EFFECT DINER's sister restaurant, "THE STEER," since the early 1990s.

17.  Plaintiff has undertaken great efforts to secure the positive reputation of the business name, "LAKE EFFECT DINER," by ensuring high quality food and customer service.

18.  Plaintiff has registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") the trademark comprised of both the words "LAKE EFFECT DINER" (Plaintiff's "Word Mark") and certain corresponding design elements (Plaintiff's "Design Mark(s)"), as USPTO Registration No. 3185742 (collectively, Plaintiff's "Mark" or "Marks"). A copy of the Certificate of Registration is annexed hereto as **EXHIBIT "A".**

19.  Plaintiff has utilized the Mark in connection with its services, which include but are not limited to "services for providing food and drink, namely, restaurant, coffee shop service,

banquet-style serving of food and drinks, and catering and take-out restaurant services," since as early as January 31, 2002 anywhere, and since at least as early as November 30, 2003 in commerce.

20.  As a result of Plaintiff's continuous and extensive use of the Plaintiff's Mark for over sixteen years, the Plaintiff's Mark has acquired secondary meaning.

21.  An affidavit has been filed, acknowledged, and accepted by the USPTO pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and the federal registration for the Mark is incontestable. A copy of Plaintiff's Statement of Incontestability is annexed hereto as **EXHIBIT "B".**

22.  Plaintiff has utilized the Mark in its advertising, through newspapers and other print media, as well as internet promotion, via mediums including but not limited to Facebook and Plaintiff's website page.

23.  Plaintiff's Mark has gained nationwide recognition as a result of the Food Network featuring Plaintiff's restaurant and services on Guy Fieri's "Diners, Drive Ins, and Dives" (Season 7, Episode 13), which first aired on November 16, 2009.

24.  Plaintiff's Mark and services have been featured on "Come Dine With Me ---WNY," a television series that spotlights western New York restaurants.

25.  Plaintiff's Mark and services have come to represent high quality food and drinks along with excellent restaurant services.

26.  Upon information and belief, Defendants are doing business using the name "LAKE EFFECT ARTISAN ICE CREAM" in connection with restaurant and food services throughout Western New York.

27. Upon information and belief, Plaintiff and Defendants provide similar and/or identical services.

28. Upon information and belief, Defendants have caused Defendants' infringing marks to be utilized commerce in connection with food products for which they sell and distribute to local retailers.

29. Upon information and belief, Defendants have also utilized the fictitious name "LAKE EFFECT ARTISAN ICE CREAM" in commerce through its promotion on the internet via mediums including but not limited to Facebook, YouTube, and Defendant's website page.

30. Upon information and belief, Defendants have caused the misrepresentations to enter interstate commerce by advertising its services online.

31. Upon information and belief, Plaintiff and Defendants are using substantially similar word and design marks in connection with such services.

32. Defendants' actions in adopting word and design marks that are confusingly similar to Plaintiff's Mark have caused actual confusion and are likely to cause further confusion in the marketplace with respect to the origin of services.

33. Actual consumers have stated that they believed that the Defendant's business is associated with the Plaintiff or that the Defendants' and the Plaintiff's businesses are one in the same.

34. Several consumers have stated that they believe that the Defendants' business is associated with Plaintiff's business since the Defendants' mark is so similar to Plaintiff's Mark. But, the similarity of the marks is only one reason why consumers are actually confused as to the source of the respective goods and services.

35.  Additionally, several consumers have stated that they were confused, since both the Plaintiff's and Defendants' places of business are so close in proximity to each other. Defendants' business is located less than a mile from Plaintiff's business.

36.  Upon information and belief, on October 22, 2018, Defendants filed two applications with the United States Patent and Trademark Office one for the word mark "LAKE EFFECT ARTISAN ICE CREAM" in standard characters, and the other for the words "LAKE EFFECT ARTISAN ICE CREAM" plus design. Copies of Defendants' respective trademark applications are annexed hereto as **EXHIBIT "C"** and **EXHIBIT "D"** respectively.

37.  Upon information and belief, on February 8, 2019, the USPTO issued an Office Action refusing to register Defendants' proposed trademarks, based upon a "Likelihood of Confusion" with Plaintiff's "LAKE EFFECT DINER" registered trademark. Copies of the USPTO's Office Actions (hereinafter "Office Actions")_ are annexed hereto as **EXHIBIT "E"** and **EXHIBIT "F"** respectively.

38.  Plaintiff has priority of use of the trademark, as Plaintiff's first use of its Marks in International Class 043 predates Defendants' alleged first use of Defendants' marks in said class by several years.

39.  Defendants' continued trademark infringement is likely to cause continued confusion, mistake, or deception amongst consumers as to the origin, sponsorship, or approval of Defendants' services because of the similarity of Defendants' marks with Plaintiff's Word Mark and Design Marks, as shown below:

| **Plaintiff's Word Mark** | **Defendants' Word Mark** |
|---|---|
| "LAKE EFFECT DINER" | "LAKE EFFECT ARTISAN ICE CREAM" |
| First Use Anywhere: January 31, 2002 (IC 043) | First Use Anywhere: June 4, 2011 (IC 043) |
| First Use in Commerce: November 30, 2003 (IC 043) | First Use in Commerce: June 4, 2011 (IC 043) |

| Plaintiff's Design Mark 1 | Defendants' Design Mark 1 |
|---|---|
| First Use Anywhere: January 31, 2002 (IC 043) | First Use Anywhere: June 4, 2011 (IC 043) |
| First Use in Commerce: November 30, 2003 (IC 043) | First Use in Commerce: June 4, 2011 (IC 043) |
|  |  |

40.  Defendants have also been utilizing the following design mark 2 on the exterior of their storefronts and design mark 3 on their vehicles. A copy of a photograph of the exterior logo of the storefront and vehicles are attached hereto as **EXHIBIT "G"** and **EXHIBIT "H"** respectively.

41.  A photo of the exterior signage of Plaintiff's restaurant is depicted as "Plaintiff's Design Mark 2" below and is attached as **EXHIBIT "I"**.



| Plaintiff's Design Mark 2 | Defendants' Design Mark 2 |
|---|---|
| | |
| **Plaintiff's Design Mark 2** | **Defendants' Design Mark 3** |
| | |

42.  "Consumers are generally more inclined to focus on the first word, prefix, or syllable in any trademark or service mark." [1] Referring to the word marks, both the Plaintiff's Word Mark and the Defendants' infringing word mark have the same first two words, which is LAKE EFFECT. Moreover, for both marks, there are descriptive words following LAKE EFFECT that denote a food service: the Plaintiff's Mark contains the word "DINER" after LAKE EFFECT while the infringing mark contains the words "ARTISAN ICE CREAM" after LAKE EFFECT[2]. "Disclaimed matter that is descriptive of or generic for a party's goods and/or services is

---

[1] Office Actions, at pg. 3.
[2] Both "DINER" and "ARTISAN ICE CREAM" have been disclaimed by the respective parties.

typically less significant or less dominant when comparing marks."[3] The primary, non-descriptive element, namely, "LAKE EFFECT," is identical between both marks.

43. "[T]he marks are confusingly similar for purposes of a likelihood of confusion analysis."[4]Thus, it is likely that consumers will be confused as to the source of the respective services, and consumers actually have been confused as to the source of respective services.

44. Referring to Plaintiff's Design Mark 1 and 2, and Defendants' Design Marks 1, 2, and 3, the marks incorporate the primary literal element of the words "LAKE EFFECT" into their design schemes. Plaintiff's use of its Marks predates Defendants' use of Defendants' marks. Thus, the Defendants' Design Mark 1 and 2 infringe upon Plaintiff's Design Mark and cause a likelihood of confusion.

45. Referring to Plaintiff's Design Marks 1 and 2, and Defendants' Design Marks 2 and 3, both marks have the same identical first two words, LAKE EFFECT. Moreover, the words LAKE EFFECT are written in a certain stylistic cursive format for both marks, in very similar fonts. Further, both the first letters of the first two words are capitalized, with the "L" in "Lake" and the "E" in "Effect." Additionally, the subsequent words following LAKE EFFECT are both written in a block formatting with all capitalized letters. Thus, the similarity of the marks is likely to, and actually does, result in consumer confusion.

46. Upon discovering the infringing nature of Defendants' conduct, Plaintiff, through its corporate counsel sent a cease and desist letter to Defendant on August 18, 2017. A copy of Plaintiff Counsel's cease and desist letter is annexed hereto as **EXHIBIT "J"**.

47. Subsequent to receiving the cease and desist letter, Defendants' attorneys engaged Plaintiff's attorneys in settlement negotiations that spanned the course of several months, but

---

[3] Office Actions, at pg. 3.
[4] Office Actions, at pg. 4.

ultimately proved unsuccessful. Accordingly, that breakdown in settlement negotiations and the continued willful infringement by Defendants is what precipitated the instant lawsuit.

48.  Upon information and belief, after such notice by Plaintiff of the ongoing infringement and the demand by Plaintiff to cease and desist, Defendants continue to market and provide its services using Plaintiff's Marks as of the date hereof.

49.  Upon information and belief, Defendants are knowingly and willingly continuing their unauthorized use of a confusingly similar name and design mark to intentionally deceive consumers in the marketplace and to trade off the valuable goodwill of Plaintiff's Marks and reputation.

50.  Affiliation and connection with Plaintiff's Marks and good name is precisely the implication, and the intent, of Defendants' false designation. Consumers view this purposefully disseminated, clearly confusing misinformation in the marketplace and are getting, and will continue to get the false impression that Defendants' services originate from Plaintiff. Confusion and deception is further enhanced by the fact that Defendants offer the same type of services as Plaintiff, namely, restaurant and food services. Thus, consumers are more likely to, and will in fact believe, the false designation of origin put forth by Defendants.

51.  The geographic proximity of Defendants' business to Plaintiff's business, less than one mile away, further contributes to the confusion of the consumer. "Indeed, it is highly likely, particularly given the *geographic proximity of applicant and registrant,* that consumers would perceive the [Defendants'] ice cream shop and goods as a spin-off directly associated with the [Plaintiff's] diner of the same name."[5]

52.  Plaintiff has suffered and continues to suffer irreparable harm from Defendants' actions and bad faith conduct as customers have been, and continue to be misled into thinking that

---

[5] Office Actions, at pg. 4.

Defendants' services actually originate under and are associated with Plaintiff's Marks. Plaintiff thus seeks and is entitled to a preliminary and permanent injunction restraining the false designation and associated acts of Defendant including, *inter alia*, advertisements, communications, and statements directly or indirectly asserting origin of Defendants' services under Plaintiff's Marks. Plaintiff also seeks Defendants' profits, income, or other gains accrued from Defendants' misconduct, as well as Plaintiff's pecuniary damages resulting from Defendants' actions, and Plaintiff's costs of bringing suit. Additionally, the present case is an exceptional one warranting the award of attorneys' fees to Plaintiff.

## COUNT II

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125 (FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING)

53. Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

54. The bad faith conduct of Defendants, as alleged above, has caused actual confusion in which consumers are misled to believe that Defendants' services originate under and are associated with Plaintiff's Marks.

55. Upon information and belief, Defendants are knowingly and willingly continuing their unauthorized use of a confusingly similar name and design mark to intentionally deceive consumers in the marketplace and to trade off the valuable goodwill of Plaintiff's Marks and reputation.

56. Affiliation and connection with Plaintiff's Marks and good name is precisely the implication, and the intent, of Defendants' false designation of origin. Consumers view this purposefully disseminated, clearly confusing misinformation in the marketplace and are getting,

and will continue to get the false impression that Defendants' services originate from Plaintiff. Confusion and deception is further enhanced by the fact that Defendants offer the same type of services as Plaintiff, namely, restaurant and food services. This means that consumers are more likely to, and will in fact believe, the false designation of origin put forth by Defendants.

57.   Plaintiff has suffered and continues to suffer irreparable harm from Defendants' false designation of origin as customers have been, and continue to be misled into thinking Defendants' services actually originate under and are associated with Plaintiff's Marks. Plaintiff thus seeks and is entitled to a preliminary and permanent injunction restraining the false designation and associated acts of Defendants including, *inter alia*, advertisements, communications, and statements asserting origin of Defendants' services under Plaintiff's Marks. Plaintiff also seeks Defendants' profits, income, or other gains accrued from Defendants' misconduct, as well as Plaintiff's pecuniary damages resulting from Defendants' actions, and Plaintiff's costs of bringing suit. Additionally, the present case is an exceptional one warranting the award of attorneys' fees to Plaintiff.

## COUNT III

## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125

58.   Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

59.   Plaintiff's Marks have gained nationwide recognition, which increased after Food Network ® featured Plaintiff's restaurant and services on Guy Fieri's "Diners, Drive Ins, and Dives" (Season 7, Episode 13), which first aired on November 16, 2009.

60.   Plaintiff's Marks and services have also been featured on "Come Dine With Me --- WNY," a television series that spotlights western New York restaurants.

61.  Through Food Network and other various entertainment media platforms, Plaintiff's Marks have acquired fame.

62.  Defendants' actions and bad faith conduct results in a likelihood of injury to Plaintiff's business reputation.

63.  There has been actual dilution of the distinctive quality of Plaintiff's Marks, through which Plaintiff has generated the goodwill of the public, by Defendants' actions of blurring and tarnishment.

64.  As a proximate result of Defendants' actions, Plaintiff has suffered pecuniary damage, loss of goodwill, injury to business reputation, and other damages.

65.  Plaintiff is thus entitled to and hereby requests a preliminary and permanent injunction restraining the Defendants' unfair competition, including without limitation, all of Defendants' business activities in which Defendants utilizes Plaintiff's Marks, as well as efforts to solicit Plaintiff's customers in connection with any reference to the subject marks.

## COUNT IV

## NEW YORK UNFAIR COMPETITION

66.  Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

67.  The bad faith conduct of Defendants, as alleged above, has caused actual confusion to consumers and agents in the marketplace in which consumers are misled to believe that Defendants' services originate under and are associated with Plaintiff's Marks.

68.  Defendants' nearly identical name, as well as its adoption of a confusingly similar design mark, evinces Defendants' intention to capitalize on Plaintiff's reputation, goodwill, and promotion by furthering and exploiting confusion amongst consumers.

69. Based on Defendants' unlawful use of Plaintiff's Marks and related misconduct, Defendants have engaged, and continue to engage in unfair competition and unlawful appropriation of Plaintiff's customers, market share, sales, revenues, profits, income, goodwill, and other business value.

70. As a proximate result of Defendants' unfair competition, Plaintiff has suffered pecuniary damage, loss of goodwill, and other damages.

71. In addition, Defendants' unfair competition will cause further irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the harm being caused to it, particularly with respect to the loss of Plaintiff's goodwill and market share being usurped by Defendants.

72. Plaintiff is thus entitled to and hereby requests a preliminary and permanent injunction restraining the Defendants' unfair competition, including without limitation, all of Defendants' business activities in which Defendants utilize Plaintiff's Marks as well as efforts to solicit Plaintiff's customers in connection with any reference to the subject marks.

## COUNT V

### NEW YORK TRADEMARK DILUTION UNDER N.Y. GEN. BUS. L § 360-l

73. Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

74. As described in the preceding paragraphs, Plaintiff's Marks have acquired secondary meaning in the marketplace.

75. Defendants' actions have resulted in a likelihood of injury to Plaintiff's business reputation.

76. There has been actual dilution of the distinctive quality of Plaintiff's Marks, through which Plaintiff has generated the goodwill of the public, by Defendants' actions of blurring and tarnishment.

77. Plaintiff is thus entitled to and hereby requests a preliminary and permanent injunction restraining the Defendants' diluting actions, including without limitation, all of Defendants' business activities in which Defendants utilize Plaintiff's Marks as well as efforts to solicit Plaintiff's customers in connection with any reference to the subject marks.

## COUNT VI

## NEW YORK DECEPTIVE BUSINESS PRACTICES UNDER N.Y. GEN. BUS. L. § 349

78. Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

79. Defendants' actions were directed at consumers by way of their advertisements by online promotion through mediums including but not limited to Defendants' website page, Youtube, and their Facebook page.

80. Defendants' actions of imitating and adopting a confusingly similar name and design mark as the Plaintiff were materially misleading so as to cause consumers to believe that Defendants' services were the same or related to Plaintiff's services.

81. Upon information and belief, Defendants are knowingly and willingly continuing their unauthorized use of a confusingly similar name and design mark to intentionally deceive consumers in the marketplace and to trade off the valuable goodwill of Plaintiff's Marks and reputation.

82. Plaintiff has been injured in the form of lost revenue as a result of the confusion, as well as by harm to its reputation and public goodwill.

83.   The existence of actual confusion as to the source of Plaintiff's and Defendants' respective services damages the important public interest in avoiding consumer confusion.

84.   Accordingly, there is a specific substantial injury to the public interest over and above ordinary trademark infringement.

85.   Plaintiff is thus entitled to and hereby requests a preliminary and permanent injunction restraining the Defendant's deceptive business practices, including without limitation, all of Defendants' business activities in which Defendants' utilize Plaintiff's Marks as well as efforts to solicit Plaintiff's customers in connection with any reference to the subject Marks. Plaintiff also requests its reasonable attorney's fees and costs.

## COUNT VII

### NEW YORK USE OF NAME WITH INTENT TO DECEIVE UNDER

### N.Y. GEN. BUS. L. § 133

86.   Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

87.   Plaintiff has been continuously using the name "LAKE EFFECT DINER" since at least as early as January 31, 2002, and in commerce since at least as early as November 30, 2003.

88.   Through extensive use of Plaintiff's name for over sixteen years, Plaintiff's name has also acquired secondary meaning.

89.   Consumers associate Plaintiff's name, LAKE EFFECT DINER, with high quality restaurant and food services.

90.   Upon information and belief, Defendants began using the fictitious name LAKE EFFECT ARTISAN ICE CREAM around June 4, 2011.

91.  Upon information and belief, Defendants selected and began utilizing the name LAKE EFFECT ARTISAN ICE CREAM with the intent to deceive and mislead the public into believing that the services were the same or affiliated with Plaintiff's Mark, LAKE EFFECT DINER.

92.  Upon information and belief, despite receipt and acknowledgement of Plaintiff's cease and desist letter, Defendants continue to market and provide restaurant and food services using the infringing marks to the present day.

93.  Upon information and belief, Defendants are knowingly and willingly continuing their unauthorized use of a confusingly similar name and design mark to intentionally deceive consumers in the marketplace and to trade off the valuable goodwill of Plaintiff's Marks and reputation.

94.  Plaintiff is thus entitled to and hereby requests a preliminary and permanent injunction, restraining the Defendants' use of a business name with the intent to deceive and mislead the public.

## COUNT VIII

## NEW YORK TRADEMARK INFRINGEMENT

95.  Plaintiff repeats and incorporates by reference all previous allegations contained within this Complaint.

96.  Independent of Plaintiff's federal trademark registration, at common law Plaintiff owns the exclusive right to use its word and design marks, based on *inter alia*, the fact that Plaintiff was the first to use these Marks in commerce, both interstate and intrastate within the State of New York.

97. At least as early as 2002, Plaintiff adopted and began using the Marks in intrastate commerce in conjunction with its restaurant and food services identified hereinabove.

98. As a result, the Marks became associated in the minds of the public with said restaurant and food services, and Plaintiff thus owns the exclusive right to use the Marks in connection with restaurant and food services.

99. Subsequent to Plaintiff's use of the Marks in association with its restaurant and food services, Defendants began using substantially similar marks to market and sell identical services in the same market, and Defendants began falsely designating its services so as to be associated with the Plaintiff's Marks, in direct competition with Plaintiff.

100. Defendants' use of the marks in connection with restaurant and food services has caused, and unless restrained and enjoined, will continue to cause a likelihood that consumers will be confused about the source of the services.

101. Thus, Defendants have infringed, and continue to infringe, Plaintiff's common law rights in the subject marks.

102. As a direct and proximate result of Defendants' common law trademark infringement, Plaintiff has suffered and will continue to suffer loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill.

103. Defendants' common law trademark infringement will cause further irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for the harm being caused to it, particularly in respect to the loss of Plaintiff's goodwill and market share being usurped by Defendants.

104. Plaintiff is thus entitled to and hereby requests a preliminary and permanent injunction restraining the Defendants from current and future infringement of Plaintiff's common law trademark rights in the Marks, a bar on Defendants' marketing and sales activities involving the infringing marks, and such other injunctive relief as the Court deems just and proper to restrain Defendants' infringing activities. Plaintiff further seeks and is entitled to Defendants' profits as well as other pecuniary damages and costs sustained by Plaintiff as a result of Defendants' blatant infringement and related misconduct. Plaintiff is also entitled to recovery of attorneys' fees as a result of Defendants' willful and intentional infringement of Plaintiff's common law trademark rights. Defendants acted with knowledge of Plaintiff's rights and intended to infringe the Marks and cause confusion amongst consumers as to connection with, and otherwise in respect of, the Marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

105.   For a judgment and declaration that Defendants have infringed Plaintiff's Marks in violation of Plaintiff's rights under federal law, common law, and/or New York law.

106.   For a judgment and declaration that Defendants' use of a substantially similar word and design mark to Plaintiff's Marks constitutes federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

107.   For a judgment and declaration that Defendants' use of a substantially similar word and design mark to Plaintiff's mark constitutes federal trademark dilution in violation 15 U.S.C. § 1125.

108.    For a judgment and declaration that Defendants' use of a substantially identical trademark violates New York common law trademark infringement and unfair competition laws.

109.    For a judgment and declaration that Defendants' use of its word and design mark have violated New York's anti-dilution statute pursuant to New York General Business Law § 360-I.

110.    For a judgment and declaration that Defendants' use of its word and design mark constitute Deceptive Business Practices pursuant to New York General Business Law § 349.

111.    For a judgment and declaration that Defendants' use of the name "LAKE EFFECT ARTISAN ICE CREAM" violates New York General Business Law § 133.

112.    For preliminary and permanent injunctive relief against Defendants restraining and enjoining Defendants and each of its respective agents, officers, directors, servants, and employees, and all persons acting under, in concert, or for them from using a confusingly similar word and design mark, together or individually, alone or in combination with other words or symbols, as trademarks, trade names, or otherwise to market, advertise, distribute, or identify Defendants' services where such designation would create a likelihood of confusion, mistake, or deception with Plaintiff's Marks, and in particular, from using said Marks in any fashion in connection with any restaurant and food services.

113.    For an accounting of all revenues, income, profit, or any other pecuniary gain obtained by Defendants or any other individuals or entities in connection with the use of the Defendants' infringing marks.

114.    For Plaintiff's damages and all of Defendants' profits, revenues, income, or any other pecuniary gain obtained by Defendants from the use of Defendants' infringing marks, as well as Plaintiff's attorneys' fees and costs and treble damages.

115.    For an order requiring Defendants to show cause, if it has any, why it should not be enjoined as set forth hereinabove throughout the pendency of this action and until such time as there is a full and final judgment in this matter.

116.    For a judgment directing that Defendants pay to Plaintiff the sum of any and all pecuniary damages sustained by Plaintiff as a result of any of Defendants' wrongful conduct as alleged hereinabove, including without limitation, Plaintiff's costs and attorneys' fees incurred herein, as well as treble damages resulting from Defendants' trademark infringement and unfair competition.

117.    For a judgment and order requiring Defendants to pay such other damages and further relief as the Court deems fit under the circumstances, or as may be sought by Plaintiff according to proof at trial or otherwise during this litigation.

118.    For a judgment and order sustaining each of the causes of action set forth herein against Defendants.

119.    For attorneys' fees, costs, and expenses as allowable by law.

120.    For any and all other relief as the Court deems just and reasonable.

## JURY DEMAND

Plaintiff hereby demands that all issues of fact in this Complaint be tried before a properly impaneled jury.

Dated:          February 21, 2019
                Buffalo, New York

                                      Respectfully submitted,


                                      s/ Justin D. Kloss
                                      Justin D. Kloss, Esq.
                                      KLOSS, STENGER & LOTEMPIO
                                      *Attorney for Plaintiff*
                                      *199 DELAWARE AVENUE, INC,*
                                      69 Delaware Ave., Suite 1003
                                      Buffalo, NY 14202
                                      Telephone: (716) 853-1111
                                      Facsimile: (716) 759-1094
                                      jdkloss@klosslaw.com

TO:    Lake Effect Artisan Ice Cream
1900 Hertel Avenue
Buffalo, New York 14214

Lake Effect Ice Cream Hertel, LLC
26 Independence Avenue
Lockport, New York 14094

Lake Effect Ice Cream, LLC
26 Independence Avenue
Lockport, New York 14094

Lake Effect Ice Cream Wholesale, LLC
26 Independence Avenue
Lockport, New York 14094

Lake Effect Canal Street, LLC
26 Independence Avenue
Lockport, New York 14094