UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

199 DELAWARE AVENUE, INC.,

                        *Plaintiff*,

v.

LAKE EFFECT ARTISAN ICE CREAM, and

LAKE EFFECT ICE CREAM HERTEL, LLC, and

LAKE EFFECT ICE CREAM, LLC, and

LAKE EFFECT ICE CREAM WHOLESALE, LLC, and,

LAKE EFFECT CANAL STREET, LLC,

                        *Defendants.*

**AFFIDAVIT OF JUSTIN D. KLOSS**

Civil Action No. 19-cv-00224

---

JUSTIN D. KLOSS, ESQ., being duly sworn, deposes and says:

1. I am a member of the Firm of Kloss, Stenger & LoTempio, attorneys for plaintiff 199 DELAWARE AVENUE, INC.

2. I submit this affidavit in support of Plaintiff's Motion for a Preliminary Injunction.

3. This Affidavit is based upon my personal knowledge, and upon information and belief, the sources of which include my review of the pleadings and documents in this matter.

4. This case involves Plaintiff's claims of Trademark Infringement under 15 U.S.C. § 1114, Unfair Competition (False Designation Of Origin, False Advertising) in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); as well as New York Unfair Competition, Trademark Dilution under 15 U.S.C. § 1125, Deceptive Business Practices, Use of Business Name With Intent To Deceive, New York Trademark Dilution, and common law trademark

infringement. This action was commenced by Summons and Complaint, filed on February 21, 2019, Summons were signed by the Clerk of the Court on February 22, 2019, copies of which are annexed hereto as **EXHIBIT "A"**.

5. The relevant facts are set forth in the Affidavits of S. Tucker Curtin and Dennis M. Adams which are being submitted along with this motion, as well as the affidavits of Mr. Mark Angrisano, Ms. Shannon Ferro, Mr. Christopher Starck, Mr. James Pennington, and Mr. Italo Besseghini, which are exhibits to the Affidavit of Dennis M. Adams.

6. As set forth in the Complaint and the Affidavit of S. Tucker Curtin, Plaintiff operates the "LAKE EFFECT DINER" and has registered with the United States Patent and Trademark Office the trademark for the words "LAKE EFFECT DINER," in combination with an associated design logo (hereinafter "Plaintiff's Mark(s)").

7. Since as early as January 31, 2002 anywhere, and since at least as early as November 30, 2003, Plaintiff has been the sole and exclusive user of the "LAKE EFFECT DINER" marks in the United States. *See* Affidavit of S. Tucker Curtin ("Curtin Aff.") at ¶ 16.

8. Since December 24, 2002, Plaintiff has had a fictitious name certificate on file with the Erie County Clerk's Office for "LAKE EFFECT DINER," and has conducted business under that name. *See* Curtin Aff. at ¶ 2.

9. Upon information and belief, since at least as early as 2017, Defendants have willfully engaged in a campaign to infringe on Plaintiff's Marks and misappropriate its name, identity, and goodwill.

10. Defendants' willful conduct has caused actual confusion among Plaintiff's customers, vendors, and friends. *See* Affidavit of Dennis M. Adams ("Adams Aff.") at Exhibits B, C, D, E, and F; *See* Curtin Aff. at ¶ 27.

11.  Defendants' wrongful conduct is compounded by the fact that recently Defendants chose to open a new business location, bearing Defendants' infringing marks, less than one mile away from Plaintiff's "LAKE EFFECT DINER." *See* Adams Aff. at ¶ 14.

12.  On August 18, 2017, Plaintiff, through its attorneys, sent a cease and desist letter to Defendants. A copy of that cease and desist letter is attached hereto as **EXHIBIT "B"**.

13.  Subsequent to receiving the cease and desist letter, Defendants' attorneys engaged Plaintiff's attorneys in settlement negotiations that spanned the course of several months, but ultimately proved unsuccessful. Plaintiff then proceeded to conduct an investigation as to consumer confusion, gathering statements regarding confusion as well as photographic evidence of Defendants' conduct.

14.  As a result of Defendants' willful conduct, Plaintiff's trademarks and business have been damaged. *See* Curtin Aff. at ¶ 27-34.

15.  Defendants continue to sow confusion by virtue of the infringing marks bring used on their store fronts, as well as their advertising, which includes but is not limited to their online website, http://www.lakeeffecticecream.com, their Facebook page, Twitter page, and Instagram page. As is evident, the domain name of Defendants' website is simply, LAKE EFFECT ICE CREAM. The word "ARTISAN" has been removed, further adding to the likelihood of confusion. Screenshots of Defendants' website and photographs from said website are annexed hereto as **EXHIBIT "C"**. *See also* Adams Aff. at Exhibit "A".

16.  Further contributing to the confusion, Defendants have shortened their name on their social media pages to just appear as "LAKE EFFECT ICE CREAM." Screenshots of Defendants' Facebook page, Instagram page, and Twitter page, depicting Defendants' use of just "LAKE EFFECT ICE CREAM", are annexed hereto as **EXHIBIT "D"**.

17. Photographs of the exterior of Defendants' buildings and vehicles can be found at Exhibit "A" of the Affidavit of Dennis M. Adams, submitted contemporaneously herewith.

18. Upon information and belief, on October 22, 2018, Defendants filed two applications with the United States Patent and Trademark Office ("USPTO"), one for the word mark "LAKE EFFECT ARTISAN ICE CREAM" in standard characters, and two, for the words "LAKE EFFECT ARTISAN ICE CREAM" plus design. Copies of Defendants' respective trademark applications are annexed hereto as **EXHIBIT "E"** and **EXHIBIT "F"** respectively.

19. Upon information and belief, on February 8, 2019, the USPTO issued Office Actions refusing registration of each of Defendants' proposed trademarks based upon a likelihood of confusion with Plaintiff's registered Trademark. Copies of the USPTO's office actions for Defendants' respective trademark applications are annexed hereto as **EXHIBIT "G"** and **EXHIBIT "H"** (hereinafter "Office Actions").

20. While Defendants have an opportunity to respond to these non-final Office Actions, after comparing the similarities between the marks and the relatedness of the compared goods and services, the USPTO found that "the marks are confusingly similar for purposes of a likelihood of confusion analysis." *See* Office Actions at pg. 4.

21. As set forth at length in the accompanying Memorandum of Law, Plaintiff is entitled to preliminary relief. Plaintiff has demonstrated the likelihood that it will prevail on the merits of its Complaint. The injury to Plaintiff is immediate, on-going, and irreparable in the form of direct peril to Plaintiff's business and Plaintiff's Marks. The equities favor granting a preliminary injunction.

22. The relief requested herein has not been previously requested from this or any other court.

February 22, 2019
Buffalo, New York

_____
JUSTIN D. KLOSS

Sworn to before me this
February 22, 2019

_____
Notary Public

AMY MARIE ALBRIGHT
Notary Public, State of New York
Reg.#01AL6304221
Qualified in Erie County
My Commission Expires May 27, 20 22

5