UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

199 DELAWARE AVENUE, INC.,

                                        *Plaintiff,*

        v.

LAKE EFFECT ARTISAN ICE CREAM,                    Civil Action No. 1:19-cv-00224 EAW
LAKE EFFECT ICE CREAM HERTEL, LLC,
LAKE EFFECT ICE CREAM, LLC,
LAKE EFFECT ICE CREAM WHOLESALE, LLC, and
LAKE EFFECT CANAL STREET, LLC,

                                        *Defendants.*
_____


## ANSWER AND COUNTERCLAIMS

        Defendants, Lake Effect Artisan Ice Cream (subject to Response No. 7 below), Lake Effect

Ice Cream Hertel, LLC, Lake Effect Ice Cream, LLC, Lake Effect Ice Cream Wholesale, LLC, and

Lake Effect Canal Street, LLC (collectively hereinafter Defendants), by and through their undersigned

attorneys, as and for its Answer to Plaintiff's Complaint, hereby state and allege as follows:


## THE PARTIES

        1.      Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 1 of the Complaint and therefore deny those allegations.

        2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint as there is

no unregistered business under the fictitious name of LAKE EFFECT ARTISAN ICE CREAM.

        3.      Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

        4.      Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

        5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint, except for any allegations relating to the unregistered business "LAKE EFFECT ARTISAN ICE CREAM" as there is no such entity, and therefore Defendants deny the allegations as to Defendant Lake Effect Artisan Ice Cream.

## JURISDICTION

8.      Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore deny those allegations.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore deny those allegations.

10.      Paragraph 10 of the Complaint contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore deny those allegations.

11.      Paragraph 11 of the Complaint contains conclusions of law to which no response is required.  To the extent Plaintiff characterizes Defendants conduct as "wrongful" or "infringing," Defendant deny those allegations.  To the extent that an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore deny those allegations.

12.     Paragraph 12 of the Complaint contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore deny those allegations.


## COUNT I
### (Trademark Infringement Under 15 U.S.C. §1114)

13.     Defendants repeat and reallege their responses to Paragraphs 1 through 12 above as if fully set forth herein.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore deny those allegations.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore deny those allegations.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore deny those allegations.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore deny those allegations.

18.     Defendants admit that Plaintiff has registered the composite mark  as U.S. Service Mark Registration No. 3,185,742.  As to Plaintiff's characterization that its registered mark contains a "word mark" and a "design mark," Defendants deny such allegations as Plaintiff is the purported owner of only one registration of a composite mark.  Except for the above, to the extent

a further answer may be required, Defendants deny the allegations as set forth in Paragraph 18 of the Complaint.

19.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore deny those allegations.

20.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore deny those allegations.

21.      Defendants deny the allegations as set forth in Paragraph 21 of the Complaint, except that Defendants admit that a Combined Declaration of Use and Incontestability under Sections 8 & 15 of the Lanham Act, 15 U.S.C. §§1058 and 1065, was filed by Plaintiff in relation to U.S. Service Mark Reg. No. 3,185,742 and that such Declaration was accepted by the U.S Patent & Trademark Office.

22.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore deny those allegations.

23.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 23 of the Complaint and therefore deny those allegations.

24.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 24 of the Complaint and therefore deny those allegations.

25.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 25 of the Complaint and therefore deny those allegations.

26.     As Defendants use the trademark LAKE EFFECT ARTISAN ICE CREAM in connection with ice cream, frozen confections, and ice cream scoop shops, Defendants deny the allegations as set forth in Paragraph 26 of the Complaint as to restaurant and food services.

27.     Defendants deny the allegations as set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations as set forth in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations as set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations as set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations as set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations as set forth in Paragraph 32 of the Complaint.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 33 of the Complaint and therefore deny those allegations.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 34 of the Complaint and therefore deny those allegations.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 35 of the Complaint and therefore deny those allegations.

36.     Defendants admit the allegations as set forth in Paragraph 36 of the Complaint.

37.     Defendants admit the allegations as set forth in Paragraph 37 of the Complaint.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 38 of the Complaint and therefore deny those allegations.

39.     Defendants deny the allegations as set forth in Paragraph 39 of the Complaint.

40.     Defendants admit the allegations as set forth in Paragraph 40 of the Complaint.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Paragraph 41 of the Complaint and therefore deny those allegations.

42.     Defendants admit that the source of the quote constituting the first sentence of Paragraph 42 of the Complaint is accurate, but deny that the legal conclusion set forth in the quote is dispositive on the issue of likelihood of confusion. Defendants admit that the source of the quote constituting the fourth sentence of Paragraph 42 of the Complaint is accurate, but deny that the legal conclusion set forth in the quote is dispositive of the issue of likelihood of confusion. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 42 of the Complaint as trademarks may not be dissected when analyzing the likelihood of confusion between two marks and therefore deny the remaining allegations.

43.     Defendants admit that the source of the quote constituting the first sentence of Paragraph 43 of the Complaint is accurate, but deny that the legal conclusion set forth in the quote is dispositive on the issue of likelihood of confusion. Defendants deny the remaining allegations as set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations as set forth in Paragraph 44 of the Complaint, except that, as to Plaintiff's allegation that Plaintiff's use of its Mark predates Defendants' use of their marks, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

45.     Defendants deny the allegations as set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations as set forth in Paragraph 46 of the Complaint, except to the extent that Defendants admit the receipt of a cease and desist letter dated August 18, 2017.

47.     Defendants admit that Defendants' attorneys and Plaintiff's attorney engaged in discussions regarding Plaintiff's allegations until April 16, 2018, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in Paragraph 47 of the Complaint and therefore deny the same.

48.     Defendants admit that they continued to use their trademarks subsequent to the receipt of Plaintiff's August 18, 2017 cease and desist letter, but as to the allegations set forth in Paragraph 48 that such use was infringing, Defendants deny those allegations.

49.     Defendants deny the allegations as set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations as set forth in Paragraph 50 of the Complaint.

51.     Defendants admit that the source of the quote constituting the second sentence of Paragraph 51 of the Complaint is accurate, but deny that the legal conclusion set forth in the quote is dispositive on the issue of likelihood of confusion.  Defendants deny the remaining allegations as set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations as set forth in Paragraph 52 of the Complaint.


## COUNT II
### (Unfair Competition Under 15 U.S.C. §1125 – False Designation of Origin, False Advertising)

53.     Defendants repeat and reallege their responses to Paragraphs 1 through 52 above as if fully set forth herein.

54.     Defendants deny the allegations as set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations as set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations as set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations as set forth in Paragraph 57 of the Complaint.

## COUNT III
### (Trademark Dilution Under 15 U.S.C. §1125)

58.     Defendants repeat and reallege their responses to Paragraphs 1 through 57 above as if fully set forth herein.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint and therefore deny those allegations.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint and therefore deny those allegations.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and therefore deny those allegations.

62.     Defendants deny the allegations as set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations as set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations as set forth in Paragraph 64 of the Complaint.

65.     Paragraph 65 contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants deny the allegations as set forth in Paragraph 65 of the Complaint.

## COUNT IV
### (New York Unfair Competition)

66.     Defendants repeat and reallege their responses to Paragraphs 1 through 65 above as if fully set forth herein.

67.     Defendants deny the allegations as set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations as set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations as set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations as set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations as set forth in Paragraph 71 of the Complaint.

72.     Paragraph 72 contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants deny the allegations as set forth in Paragraph 72 of the Complaint.

## COUNT V
### (New York Trademark Dilution Under N.Y. Gen. Bus. L. 360-1)

73.     Defendants repeat and reallege their responses to Paragraphs 1 through 72 above as if fully set forth herein.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and therefore deny those allegations.

75.     Defendants deny the allegations as set forth in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations as set forth in Paragraph 76 of the Complaint.

77.     Paragraph 77 contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants deny the allegations as set forth in Paragraph 77 of the Complaint.

## COUNT VI
### (New York Deceptive Business Practices Under N.Y. Gen. Bus. L. § 349)

78.     Defendants repeat and reallege their responses to Paragraphs 1 through 77 above as if fully set forth herein.

79.     Defendants admit that they advertise their goods and services via online promotion, but, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint and therefore deny those allegations.

80.     Defendants deny the allegations as set forth in Paragraph 80 of the Complaint.

81. Defendants deny the allegations as set forth in Paragraph 81 of the Complaint.

82. Defendants deny the allegations as set forth in Paragraph 82 of the Complaint.

83. Defendants deny the allegations as set forth in Paragraph 83 of the Complaint.

84. Defendants deny the allegations as set forth in Paragraph 84 of the Complaint.

85. Paragraph 85 contains conclusions of law to which no response is required. To the extent an answer may be required, Defendants deny the allegations as set forth in Paragraph 85 of the Complaint.

## COUNT VII
## (New York Use of Name with Intent to Deceive Under N.Y. Gen. Bus. L. §133)

86. Defendants repeat and reallege their responses to Paragraphs 1 through 85 above as if fully set forth herein.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint and therefore deny those allegations.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint and therefore deny those allegations.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint and therefore deny those allegations.

90. Defendants deny the allegations as set forth in Paragraph 90 of the Complaint.

91. Defendants deny the allegations as set forth in Paragraph 91 of the Complaint.

92. Defendants deny the allegations as set forth in Paragraph 92 of the Complaint.

93. Defendants deny the allegations as set forth in Paragraph 93 of the Complaint.

94. Paragraph 94 contains conclusions of law to which no response is required. To the extent an answer may be required, Defendants deny the allegations as set forth in Paragraph 94 of the Complaint.

## COUNT VIII
### (New York Trademark Infringement)

95.     Defendants repeat and reallege their responses to Paragraphs 1 through 94 above as if fully set forth herein.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint and therefore deny those allegations.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint and therefore deny those allegations.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint and therefore deny those allegations.

99.     Defendants deny the allegations as set forth in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations as set forth in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations as set forth in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations as set forth in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations as set forth in Paragraph 103 of the Complaint.

104.    Paragraph 104 contains conclusions of law to which no response is required.  To the extent an answer may be required, Defendants deny the allegations as set forth in Paragraph 104 of the Complaint.


### PRAYER FOR RELIEF

Plaintiff's requests following Paragraph 104 of the Complaint (as numbered in Paragraphs 105 – 120) constitute "Requests for Relief" that do not require a response. Defendants deny that Plaintiff is entitled to any of the requested relief. Each averment and/or allegation contained in Plaintiff's Complaint that is not specifically admitted herein is hereby denied.

Defendants rely on Plaintiff's demand for a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by virtue of the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by virtue of the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by virtue of the doctrine of acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by virtue of the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by virtue of the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because it has sustained no injury or damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any damages because any alleged damages are speculative.

## NINTH AFFIRMATIVE DEFENSE

Defendants' use of its marks is not likely to cause confusion, mistake, or deception, or confuse the relevant public as to source, sponsorship, or affiliation with Plaintiff or Plaintiff's use of its purported service mark.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff procured U.S. Service Mark Registration No. 3,185,742 through false or fraudulent statements and the registration is invalid.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to rely on additional affirmative and other defenses that might become evident and applicable through information obtained by discovery.


## COUNTERCLAIMS

Defendants, Lake Effect Artisan Ice Cream, et al., for its counterclaims in this action allege as follows:


## PARTIES

1.      Counter-Plaintiffs Lake Effect Ice Cream Hertel, LLC, Lake Effect Ice Cream, LLC, Lake Effect Ice Cream Wholesale, LLC, and Lake Effect Canal Street, LLC are New York limited liability companies, all with a principal place of business at 79 Canal Street, Lockport, New York 14094.  Counter-Plaintiff Lake Effect Artisan Ice Cream, is allegedly an unregistered business with a principal place of business at 79 Canal Street, Lockport, New York 14094 (all Counter-Plaintiffs hereinafter "Lake Effect Artisan Ice Cream").

2.     On information and belief, Counter-Defendant, 199 Delaware Avenue, Inc., is a corporation organized under the laws of the State of New York, with its principal place of business at 3165 Main Street, Buffalo, New York  14214 (hereinafter "Lake Effect Diner).

## JURISDICTION AND VENUE

3.     These counterclaims are brought under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and New York statutory and common law.

4.     Subject matter jurisdiction exists under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338 and 2201-2202.

5.     This Court has personal jurisdiction over Lake Effect Diner and venue is proper in this District because, *inter alia*, Lake Effect Diner has submitted itself to the personal jurisdiction of this Court and venue in this District by commencing this action, and, upon information and belief, Lake Effect Artisan Ice Cream's counterclaims are compulsory pursuant to Fed. R. Civ. P. 13.

## FACTS

### Lake Effect Artisan Ice Cream

6.     Counter-Plaintiffs Lake Effect Artisan Ice Cream et al., limited liability companies all formed in the State of New York, are owned by two individuals, Erik Bernardi and Jason Wulf, life-long friends who now teach at the same high school they attended as children.  Starting as a competitive hobby, Erik and Jason made ice cream at home using any ingredient no matter how unusual to see what flavors they could conceive of.  Joining forces, when the quality and taste of the ice cream received rave reviews from family and friends, Erik and Jason decided to produce the ice cream for sale to the public.

7.     In deference to a well-known weather phenomenon known to Western New Yorkers, Bernardi and Wulf called their product "Lake Effect Ice Cream."

8.     Beginning on June 28, 2008, Lake Effect Artisan Ice Cream first sold their unique, inventive brand of ice cream, in flavors derived from any suggested ingredient, at an outdoor craft and food festival held in Lockport, New York.  They quickly sold out, and Lake Effect Artisan Ice Cream brand ice cream was launched.

9.     Following its initial success, Lake Effect Artisan Ice Cream attended and sold ice cream at different fairs and festivals in the region, such as Taste of Lockport, the Niagara Celtic Festival, the Lewiston Jazz Festival, and the Molson Canal Concert Series among others.

10.    Soon after, Lake Effect Artisan Ice Cream began producing their ice cream for sale in retail outlets, such as Niagara County Produce in Amherst, New York, and Tops Market in Lockport, New York.

11.    In 2009, Lake Effect Artisan Ice Cream began to expand into the Buffalo market, attending events and festivals in Buffalo, such as the Allentown Art Festival-Allen West and the National Buffalo Chicken Wing Festival, and distributing their ice cream for sale at retail outlets such as the Lexington Co-op on Elmwood Avenue in Buffalo and Premier Gourmet on Delaware Avenue in Kenmore.

12.    In September, 2009, Lake Effect Artisan Ice Cream was an authorized food vendor for sale of pre-packaged ice cream at the Music is Art Festival, held at the Albright-Knox Art Gallery in Buffalo, New York.

13.    Upon information and belief, Lake Effect Diner was also an authorized food vendor at the 2009 Music is Art Festival, selling Sahlen's hot dogs, local hormone-free burgers, homemade veggie burgers, and milkshakes.  Erik and Jason met Lake Effect Diner's owner, S. Tucker Curtin, at the festival.

14.     Upon information and belief, Lake Effect Diner is a single-location 1950's style diner selling breakfast, lunch, and dinner items. The google search for the Lake Effect Diner describes the diner as serving "All-American comfort food from local farms doled out in a chrome-&-neon diner car dated to 1952." The menu for "Lake Effect Diner" has six pages, five of which feature food items, and one that lists typical desserts and milkshakes of different flavors.

15.     From 2008 onward, Lake Effect Artisan Ice Cream continued to build the Lake Effect Artisan Ice Cream brand, attending food festivals and fairs, outdoor events and charitable events, and selling more and more ice cream in retail outlets.

16.     In 2011, Lake Effect Artisan Ice Cream opened their first ice cream scoop shop on Lock Street in Lockport, New York.

17.     After two years, Lake Effect Artisan Ice Cream moved to a larger location on Canal Street in Lockport which served as both an ice cream scoop shop and as a place to produce Lake Effect Artisan Ice Cream' ice cream for retail distribution.

18.     In 2012, Eaton Chocolate, located at 1856 Hertel Avenue in Buffalo, became the first retail outlet to serve Lake Effect Artisan Ice Cream's scooped ice cream in Buffalo. Prominently placed on the outside window of Eaton Chocolate was signage that stated "WE SERVE LAKE EFFECT ICE CREAM." Lake Effect Artisan Ice Cream' s products were also featured prominently on Eaton Chocolate's Facebook page, where signage with Lake Effect Ice Cream's name and list of flavors was constantly updated.

19.     In 2017, Lake Effect Artisan Ice Cream opened a second ice cream scoop shop on Hertel Avenue located at 1900 Hertel Avenue, approximately 500 feet from the then closed Eaton Chocolate location. The Hertel location has become just as popular as the Lockport location.

20. Since 2009 and until the present time, Lake Effect Artisan Ice Cream has sold Lake Effect Artisan Ice Cream brand ice cream throughout Western New York and beyond, winning annual awards for their ice cream.

21. Lake Effect Artisan Ice Cream has been featured in such publications and media as Buffalo Spree Magazine, Buffalorising.com, Artvoice, WGRZ Channel 2 (NBC affiliate), and WKBW Channel 7 (ABC affiliate). From the first 2008 article in the Lockport Union Sun and Journal, and continuing in 2009, 2010, 2011 and continuing until the present time, Lake Effect Artisan Ice Cream has been the subject of at least sixty-one (61) articles, photo-ops, and interviews.

22. Lake Effect Artisan Ice Cream is available for purchase at various Tops Market grocery stores throughout Western New York, various Wegmans grocery stores throughout Western New York, and other outlets, such as Farmers and Artisans, and various Dash's locations, all in Western, New York.

23. Since its 2008 beginning until the present day, Lake Effect Artisan Ice Cream has amassed a large and loyal following. Social media statistics show that Lake Effect Artisan Ice Cream has almost 30,000 followers on Facebook, almost 11,000 followers on Instagram, and almost 6,000 followers on Twitter.

24. Lake Effect Artisan Ice Cream has been and continues to be an extremely successful brand, known for both the unique, inventive flavors of their ice cream as well as its quality, with name recognition in Western New York and beyond.

25. Lake Effect Artisan Ice Cream and Lake Effect Diner have co-existed in the marketplace since at least as early as 2008, each providing their own different type of goods and services to their own customers.

26.     Upon information and belief, Samuel Tucker Curtin, owner of Counter-Defendant 199 Delaware Avenue, Inc., opened the Lake Effect Diner on or around January, 2002.

27.     Upon information and belief, the Lake Effect Diner has one location on Main Street in Buffalo, New York.

28.     Upon information and belief, the Lake Effect Diner is not located near an interstate highway, but rather, is located on a local street in the city.

29.     On May 5, 2005, Lake Effect Diner filed an application to register the composite mark

 with the U.S. Patent & Trademark Office (USPTO).  The application, U.S. Service Mark Application Serial No. 78/623,934, identified January 31, 2002 as the date of first use, and November 30, 2003 as the date of first use in commerce.  *See* Exhibit A.

30.     Lake Effect Diner's application for registration identified the services associated with

the  mark as "services for providing food and drink, namely, restaurant, coffee shop service, banquet-style serving of food and drinks, catering and take-out restaurant services."  *See* Exhibit A.

31.     As specimens of use, Lake Effect Diner submitted photographs of local advertisements and a photograph of the front of its menu.  *See* Exhibit A.

32.     Samuel T. Curtin executed the application on behalf of Lake Effect Diner.  Curtin, in signing the application, declared that the applied-for mark was used in commerce at the time of the filing of the application, and further declared that "all statements made of … his own knowledge are true; and that all statements made on information and belief are believed to be true."  *See* Exhibit A.

33. Upon information and belief, at the time of the filing of the application, Mr. Curtin was aware that the mark was being used locally, but not being used in commerce as that term is defined in the Lanham Act 15 U.S.C. §1127.

34. According to the Complaint filed in this action, Lake Effect Diner alleges that it "gained nationwide recognition as a result of the Food Network featuring Plaintiff's restaurant and services on Guy Fieri's 'Diners, Drive Ins, and Dives' (Season 7, Episode 13), which first aired on November 16, 2009," well after the filing date of U.S. Service Mark Application Serial No. 78/623,934.

35. Based on Mr. Curtin's declaration, U.S. Service Mark Registration No. 3,185,742 issued on December 19, 2006.

36. Despite his declaration, upon information and belief, Lake Effect Diner had not used the mark  in commerce at the time of the filing of the application for registration.

## COUNT I
**(For Declaratory Judgment of Non-Infringement)**

37. Lake Effect Artisan Ice Cream repeats and incorporates the allegations set forth in each of the preceding paragraphs of these Counterclaims as though fully set forth herein.

38. Lake Effect Artisan Ice Cream does not infringe any existing and valid trademark right of Lake Effect Diner under the Lanham Act, New York state statute or common law.

39. Lake Effect Artisan Ice Cream's use of its trademarks LAKE EFFECT ARTISAN ICE CREAM and  is not likely to cause confusion, mistake, or deception, or confuse the

relevant public as to source, sponsorship, or affiliation with Lake Effect Diner's use of its purported

service mark  .

40.     Lake Effect Artisan Ice Cream requests that the Court declare that its use of its trademarks does not infringe any right of Lake Effect Diner.

**COUNT II**
**(Cancellation of Registration for Fraud Under 15 U.S.C. §§ 1064, 1119)**

41.     Lake Effect Artisan Ice Cream repeats and incorporates the allegations set forth in each of the preceding paragraphs of these Counterclaims as though fully set forth herein.

42.     This counterclaim is brought under: (a) Section 14 of the Lanham Act (15 U.S.C. § 1064) to cancel U.S. Service Mark Reg. No. 3,185,742 because it was obtained fraudulently; and (b) Section 37 of the Lanham Act (15 U.S.C. § 1119) which gives federal courts the authority, among other things, to order the cancellation of registrations, in whole or in part, with respect to the registrations of any party to an action involving a registered mark.

43.     Lake Effect Diner filed its application to register the  service mark under Section 1(a) of the Lanham Act (15 U.S.C. § 1051(a)) based on use of the mark in commerce as defined by the Lanham Act, 15 U.S.C. §1127.

44.     In its application to register the  service mark, Lake Effect Diner, by its owner, Samuel T. Curtin, upon information and belief, falsely stated that the service mark was being used in commerce in association with "Services for providing food and drink, namely,

20

restaurant, coffee shop service, banquet-style serving of food and drinks, catering and take-out restaurant services."

45.    In the application, Lake Effect Diner, by its owner, Samuel T. Curtin, declared that "all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true."

46.    Upon information and belief, Lake Effect Diner, by its owner, Samuel T. Curtin, knew at the time its application was signed and filed with the USPTO that it had never used the  mark in commerce in association with "Services for providing food and drink, namely, restaurant, coffee shop service, banquet-style serving of food and drinks, catering and take-out restaurant services" as that term is defined by as defined by the Lanham Act, 15 U.S.C. §1127.

47.    Upon information and belief, Lake Effect Diner's false statement of fact about the use of the  service mark was material to the USPTO's decision to issue U.S. Service Mark Reg. No. 3,185,742 for use in association with "Services for providing food and drink, namely, restaurant, coffee shop service, banquet-style serving of food and drinks, catering and take-out restaurant services."

48.    Upon information and belief, Lake Effect Diner willfully made the fraudulent representations to the USPTO in order to deceive the USPTO into granting it registration of the service mark  .

49.     Lake Effect Artisan Ice Cream requests the Court to cancel U.S. Service Mark Registration No. 3,185,742, pursuant to, *inter alia,* 15 U.S.C. §§ 1064 and 1119.


## COUNT III
### (For Attorneys' Fees and Costs Pursuant to 15 U.S.C. § 1117(a))

50.     Lake Effect Artisan Ice Cream repeats and incorporates the allegations set forth in each of the preceding paragraphs of these Counterclaims as though fully set forth herein.

51.     Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in a trademark infringement case.  This standard has been construed as giving broad discretion to trial courts.

52.     In light of Lake Effect Diner's bad faith action in bringing this lawsuit after co-existing with Lake Effect Artisan Ice Cream in the marketplace for over ten years and given the baseless nature of its claims against Lake Effect Artisan Ice Cream, the Court should conclude that Lake Effect Diner's prosecution of this case is "exceptional" under 15 U.S.C. §1117(a) and compel Lake Effect Diner to compensate Lake Effect Artisan Ice Cream for the attorneys' fees and costs incurred by Lake Effect Artisan Ice Cream in defending this action.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiffs Lake Effect Artisan Ice Cream, et al, request the following relief:

A.   That Plaintiff's Complaint be dismissed with prejudice;

B.   That judgment be entered in favor of Defendants and against Plaintiff on Plaintiff's claims as set forth in its Complaint;

C.   That judgment be entered in favor of Counter-Plaintiffs Lake Effect Artisan Ice Cream et al., and against Counter-Defendant 199 Delaware Avenue, Inc. on Counter-Plaintiffs Lake Effect Artisan Ice Cream, et al.'s counterclaims;

D.   That a declaratory judgment of non-infringement be entered in favor of Counter-Plaintiffs Lake Effect Artisan Ice Cream et al.

E.   That U.S. Service Mark Reg. No. 3,185,742 be cancelled;

F.   That Defendants be awarded attorneys' fees and costs;

G.   That this Court grant Defendants such other further relief as the Court deems appropriate.

Dated:  March 29, 2019

Respectfully submitted,

LAKE EFFECT ARTISAN ICE CREAM, et al

By its attorneys,

s/ Ellen S. Simpson
Ellen S. Simpson
SIMPSON & SIMPSON PLLC
5555 Main Street
Williamsville, New York  14221
(Tel) 716-626-1564
(Fax) 716-626-0366
(e-mail) esimpson@idealawyers.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2019 I electronically served upon the Plaintiff in this action the foregoing papers by filing such papers with the Clerk of the United States District Court, Western District of New York using the CM/ECF, which sent notification of such to the following:

> Justin D. Kloss, Esq.
> Kloss, Stenger & LoTempio
> 69 Delaware Ave., Suite 1003
> Buffalo, New York 14202

Dated: March 29, 2019
Buffalo, New York

> s/ Ellen S. Simpson
> Ellen S. Simpson, Esq.