UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

199 DELAWARE AVENUE, INC.,

                                       *Plaintiff,*

v.

LAKE EFFECT ARTISAN ICE CREAM, and

LAKE EFFECT ICE CREAM HERTEL, LLC, and

LAKE EFFECT ICE CREAM, LLC, and

LAKE EFFECT ICE CREAM WHOLESALE, LLC, and,

LAKE EFFECT CANAL STREET, LLC,

                                       *Defendants.*
_____

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Civil Action No. 19-cv-00224

Plaintiff 199 DELAWARE AVENUE, INC., ("Plaintiff" or "Counter-Defendant"), by and through its attorneys, KLOSS, STENGER & LOTEMPIO, as and for its Answer to the Counterclaims of Defendants, LAKE EFFECT ARTISAN ICE CREAM, and LAKE EFFECT ICE CREAM HERTEL, LLC, and LAKE EFFECT ICE CREAM, LLC, and LAKE EFFECT ICE CREAM WHOLESALE, LLC, and, LAKE EFFECT CANAL STREET, LLC (hereinafter "Defendants" or "Counter-Plaintiffs"), responds as follows upon information and belief:

## **COUNTERCLAIMS**

1. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2. Admits the allegations in paragraph 2.

3. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 3.

1

4. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

5. Admits the allegations in paragraph 5 insofar as 199 Delaware Avenue, Inc. commenced the instant matter, Civil Action No. 19-cv-00224; denies any knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5.

6. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13. Admits that Counter-Defendant was a vendor at the subject event; denies any knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13.

14. Admits that Counter-Defendant operates at one location and sells the subject food items; Denies any knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14.

15. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 22.

23. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 23.

24. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 24.

25. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 25.

26. Admit that Counter-Defendant began operations in 2002 with its owner, Samuel Tucker Curtin.

27. Admit the allegations in paragraph 27.

28. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 28.

29. Admit the allegations in paragraph 29 insofar as the date of filing, with respect to the remaining allegations, the document speaks for itself; denies the remaining allegations in paragraph 29.

30. Admit the allegations in paragraph 30 in so far as the application identified "Services for providing food and drink namely restaurant, coffee service and sales, banquet, catering and take-out services and wholesale of diner food and beverage items"; with respect to the remaining allegations in paragraph 30, the document speaks for itself; denies the remaining allegations in paragraph 30.

31. In answering the allegations of paragraph 31 with respect to the specimens of use, the document speaks for itself; denies the remaining allegations in paragraph 31.

32. Admit that Counter-Defendant's owner signed the application on behalf of Counter-Defendant; with respect to the remaining allegations in paragraph 32, the document speaks for itself; denies the remaining allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. In answering the allegations of paragraph 34, admit that the Counter-Defendant's United States Patent and Trademark Office application occurred in 2005, and that the subject

episode of Guy Fieri's "Diners, Dive Ins, and Dives'" occurred in 2009; denies the remaining allegations in paragraph 34.

35. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. In answering paragraph 37, Counter-Defendant repeats and realleges each and every admission or denial of the allegations with the same force and effect as though fully set forth herein.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41. In answering paragraph 41, Counter-Defendant repeats and realleges each and every admission or denial of the allegations with the same force and effect as though fully set forth herein.

42. Denies the allegations in paragraph 42.

43. Admit the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. In answering paragraph 45, the document speaks for itself; denies any remaining allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

50. In answering paragraph 50, Counter-Defendant repeats and realleges each and every admission or denial of the allegations with the same force and effect as though fully set forth herein.

51. Denies any knowledge or information sufficient to form a belief as to the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Counter-Defendant denies that Counter-Plaintiffs are entitled to any of the relief as described in Counter-Plaintiffs' "Prayer for Relief."

54. Counter-Defendant denies each and every allegation of the Counterclaims not heretofore specifically admitted, denied, or otherwise controverted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

55. Counter-Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

56. Counter-Plaintiffs lack standing to bring one or more of their claims.

### THIRD AFFIRMATIVE DEFENSE

57. One or more of Counter-Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

58. Counter-Plaintiffs' claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

59. One or more of Counter-Plaintiffs' claims are barred because Counter-Plaintiffs cannot show that their claims are exceptional.

## SIXTH AFFIRMATIVE DEFENSE

60. Counter-Plaintiffs are not entitled to any relief because they have not sustained damages.

## SEVENTH AFFIRMATIVE DEFENSE

61. One or more of Counter-Plaintiffs' claims are barred by virtue of their failure to plead with particularity.

Dated:   April 19, 2019
         Buffalo, New York

                                            Respectfully submitted,


                                            s/Justin D. Kloss
                                            Justin D. Kloss, Esq.
                                            Law Offices of Kloss, Stenger & LoTempio
                                            69 Delaware Ave., Suite 1003
                                            Buffalo, NY 14202
                                            Telephone: (716) 853-1111
                                            Facsimile: (716) 759-1094
                                            *Attorney for Plaintiff*